IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

YAHAIRA DURAN TOLEDO,

    Plaintiff,

v.

ADVENTHEALTH NORTH POLK, INC.
AND VONA CASE MANAGEMENT, INC.

    Defendants.
_____/

## NOTICE OF REMOVAL

**COMES NOW** Vona Case Management, Inc. ("VONA"), by and through undersigned counsel and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  In support of this notice of removal, VONA states as follows:

### INTRODUCTION

1.    Plaintiff Yahaira Duran Toledo ("Plaintiff") commenced this action by filing a complaint against Adventhealth North Polk, Inc. and Vona Case Management, Inc. in the Circuit Court of Polk County, Florida, Case Number 2022-CA-000487-0000-LK on or about February 14, 2022.  VONA was served with the summons and complaint on February 28, 2022.

2. Plaintiff's complaint asserts claims against VONA under the Florida Civil Rights Act ("FCRA") and Americans with Disabilities Act ("ADA"). Plaintiff claims Adventhealth North Polk, Inc. conducted a respiratory fit test that caused Plaintiff to have a severe allergic reaction, despite her asthma disability. Plaintiff also claims a case manager employed by VONA was offensive, discriminatory, and threatened Plaintiff's employment. Plaintiff states after she retained a worker's compensation attorney for benefits, she was terminated by her employment. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff seeks damages from Florida Civil Rights Act § 760.10 Fla. Stat. *et seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* along with various state law causes of action. [*Id.*]

## FEDERAL QUESTION JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(a).

5. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See* 28 U.S.C. § 1331; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. The action is removable pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint asserts a claim against VONA seeking damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, which is a federal statute. [*See* Complaint.]

7. Accordingly, the case arises under the laws of the United States and is therefore removable. *See Boone v. JP Morgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011)

(holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of federal consumer protection statutes).

## SUPPLEMENTAL JURISDICTION

8. Federal district courts have supplemental jurisdiction over state law claims that are so related to federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Johnson v. Wellborn*, 418 F. App'x 809, 814 (11th Cir. 2011).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims because these claims arise from the same set of operative facts as Plaintiff's claims arising under federal law, i.e., that VONA is liable under the Florida Civil Rights Act § 760.10 Fla. Stat. based on the same alleged conduct and practices that comprise her federal ADA claim.

10. Accordingly, Plaintiff's state law claims are so related to Plaintiff's federal question that they form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a) and the Court may exercise its supplemental jurisdiction over them.

## ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of VONA's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

12. True and correct copies of "all process, pleadings, and orders" date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02. There has been no other process, pleadings, or orders served upon RAC to date in this case.

13. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

14. VONA has heretofore sought no similar relief.

15. The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

16. Contemporaneously with the filing of this notice of removal, VONA has filed a copy of same with the clerk of the County Court of Polk County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

17. The co-defendant, ADVENTHEALTH NORTH POLK, INC., has already been dismissed from this action by Plaintiff.

18. VONA reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** VONA prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

DATED:  March 28, 2022.

> Respectfully submitted,
>
> */s/ Nicholas S. Agnello*
> Nicholas S. Agnello, Esq. (FL Bar No. 90844)
> BURR & FORMAN LLP
> 350 East Las Olas Boulevard, Suite 1440
> Ft. Lauderdale, FL 33301

Telephone: (954) 414-6200  
Facsimile: (954) 414-6201  
Primary Email: flservice@burr.com  
Secondary Email: nagnello@burr.com  
Secondary Email: rzamora@burr.com  
*Counsel for Defendant,*  
*VONA Case Management, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 28, 2022, I electronically filed the foregoing with the Clerk of Court using CM/ECF. **I FURTHER CERTIFY** that a copy of the foregoing has been served via electronic mail upon:

Tanesha W. Blye, Esq.  
R. Martin Saenz, Esq.  
SAENZ & ANDERSON, PLLC  
20900 N.E. 30th Avenue, Suite 800  
Aventura, FL 33180  
Email: tblye@saenzanderson.com  
Email: msaenz@saenzanderson.com

*/s/ Nicholas S. Agnello*  
Nicholas S. Agnello, Esq. (FL Bar No. 90844)  
BURR & FORMAN LLP